### B. B. BRADSHAW *v.* D. W. CHRISTIAN AND WIFE.
### WILLIAM F. SAYLOR *v.* SAME.

**Trustee and Beneficiary.**

The failure of a trustee named to accept the trust will not deprive the wife of her beneficial interest in the land. The court will appoint another trustee.

**Conveyance of Land—Effect on Creditors.**

Where a conveyance of land is made prior to the creation of indebtedness, it cannot be sold to pay such debts.

**Judicial Sale.**

A judicial sale of real estate for less than one-tenth of its value imports such a wrong in the conduct of the sale that a court will refuse to approve it or will give relief against it to protect a wife whose interests have been thus sacrificed.

### APPEAL FROM TODD CIRCUIT COURT.

#### February 14, 1877.

OPINION BY JUDGE PRYOR:

The failure of the trustee to accept will not deprive the wife of her beneficial interest in the land. The chancellor will find a trustee for her. The conveyance was made long prior to the creation of the indebtedness, and it was therefore proper to adjudge that the land was not liable for the payment of Bradshaw's claim. As to the sale of the land it clearly appears that it did not bring more than one-tenth of its value, and the price itself is such a sacrifice of the wife's land as to import wrong in the conduct of the sale or the proceedings transpiring after the judgment by the chancellor. The appellee did not live in the county, and those of his friends and relatives who were interested in the sale seem not to have known when the sale was made, and it is a matter of doubt whether the property was advertised or not. The commissioner had employed parties to put up advertisements, and is not able himself to state whether they were posted. The court allowed the appellant, the purchaser, his costs ordinary and extraordinary, expended in the effort by appellee to have the sale set aside. The order of re-sale will give to the purchaser interest on his money if he has paid it to the creditor, as the purchaser will get it and not the creditor if this fact is made to appear. The judgment is *affirmed* on both appeals.

*H. G. Petrie, for appellants.    S. W. Kennedy, for appellees.*